Amanda Kuklinski; AZ Bar No. 035676
Kelsey Whalen; AZ Bar No. 037043
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@zoldangroup.com
kwhalen@zoldangroup.com

Attorneys for Plaintiff
Edward Eans

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Edward Eans**, an Arizona resident;<br><br>  Plaintiff,<br><br>  v.<br><br>**Sherry Lund**, an Arizona resident;<br><br>  Defendant. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Edward Eans, for his Verified Complaint against Defendant Sherry Lund hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for her unlawful failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**");

2. This action is also brought to recover overtime wage compensation, liquidated or double damages, and statutory penalties resulting from Defendant's violations of the FLSA.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendant in this District.

## **PARTIES**

6. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

7. Plaintiff was a full-time employee of Defendant from on or around October 15, 2020 until on or around May 27, 2022.

8. At all relevant times, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff was a non-exempt employee.

10. Defendant Sherry Lund is an Arizona resident.

11. Defendant Sherry Lund has directly caused events to take place giving rise to this action.

12. Defendant Sherry Lund has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.

14. Defendant Sherry Lund had the authority to hire and fire employees.

15. Defendant Sherry Lund had the authority to hire and fire Plaintiff.

16. On or around October 15, 2020, Defendant Sherry Lund hired Plaintiff.

17. Defendant Sherry Lund supervised and controlled Plaintiff's work schedule and the conditions of Plaintiff's employment.

18. Defendant Sherry Lund notified Plaintiff of specific job duties he needed to complete each workday.

19. Defendant Sherry Lund often monitored Plaintiff's work either in-person or through cameras that were set-up throughout the workplace.

20. Defendant Sherry Lund determined the rate and method of Plaintiff's payment of wages.

21. Defendant Sherry Lund sent Plaintiff cash payments through Zelle, a digital payment application, for all hours worked in a given workweek.

22. Defendant Sherry Lund is subject to individual and personal liability under the FLSA.

23. Plaintiff provided services of a household nature in a private home and was considered a "caretaker" in his employment with Defendant.

24. At all relevant times, Defendant employed Plaintiff as a "domestic service" worker as defined by the FLSA, 29 U.S.C. § 207(I) and 29 C.F.R. § 552.3.

25. At all relevant times, Plaintiff did not reside on the employer's premises permanently or for extended periods of time.

26. Plaintiff has a reasonable good faith belief that, as a domestic service worker in a household, his employment with Defendant affects commerce. 29 U.S.C. § 202(a).

27. Plaintiff is a covered employee under individual coverage.

**FACTUAL ALLEGATIONS**

28. On or around October 15, 2020, Plaintiff commenced employment with Defendant as a Caregiver.

29. Plaintiff's primary job duties included caring for an elderly couple who suffered from dementia. Plaintiff performed care services such as dressing, grooming, bathing, toileting, and assisting the patients with walking.

30. Plaintiff also performed light housework including preparing meals, doing the dishes, laundry, watering plants; assisted the clients with taking medications; and checked the client's blood pressure and oxygen levels.

31. The care services Plaintiff provided the clients exceeded 20 percent of the total hours Plaintiff worked per workweek.

32. From approximately October 15, 2020 until May 27, 2022, Plaintiff was misclassified as an independent contractor.

33. Plaintiff was not hired to perform work for a finite period; rather, he was expected to continue working for Defendant indefinitely until he quit, or until his employment was terminated.

34. Defendant controlled the work Plaintiff performed. Defendant assigned Plaintiff duties to complete, and Defendant monitored his work in-person or through a camera.

35. Defendant provided all materials and/or equipment Plaintiff required to perform his work for Defendant.

36. Defendant also determined the rate at which Plaintiff was paid, the method

Plaintiff was paid, and the hours he worked.

37. Plaintiff had no opportunity for additional profit or loss in his work with Defendant.

38. Plaintiff was required to get approval by Defendant for days he was unable to work.

39. Plaintiff is a non-exempt employee.

40. Throughout Plaintiff's employment, Defendant paid him $20 per hour for all time worked, including hours worked in excess of 40 hours per week.

41. Between October 23, 2020 and May 13, 2022, Defendant failed to properly compensate Plaintiff for all his overtime hours.

42. Plaintiff worked more than 40 hours per week 83 weeks during his employment, for a total of 1,880.5 hours of overtime.

43. Defendant paid Plaintiff his regular hourly rate for all hours over 40 and did not pay him one-and-one-half time overtime premium for his overtime work as required by the FLSA.

44. At all relevant times during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for all his overtime hours.

45. Defendant was aware Plaintiff's working hours routinely exceeded 40 hours in a workweek.

46. Throughout his employment, Plaintiff estimates that Defendant failed to pay him a total of approximately $18,805.00 of owed overtime wages.

47. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48. Defendant has not kept proper records in violation of 29 C.F.R. § 516.2.

49. Defendant failed to post and keep posted in a conspicuous place the required poster/notice explaining her employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

50. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

51. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

52. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

53. Plaintiff was an employee entitled to the statutorily mandated overtime wages.

54. Defendant has intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

55. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

56. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

57. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

58. Defendant knew Plaintiff was not being compensated overtime for time

worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

59. Defendant knew her failure to pay overtime wages was a violation of the FLSA.

60. Defendant has not made a good faith effort to comply with the FLSA.

61. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

    i. violated overtime compensation provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 12, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/Kelsey Whalen
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Edward Eans declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Edward Eans*
Edward Eans